IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01972-MEH-MJW

ALL STATES SHUTTLE, LLC, d/b/a All States Shuttle;
T&G, INC., d/b/a Denver Pro Express;
BELAYE T. DRESE, d/b/a Front Range Express, Inc.;
MILE HIGH EXPRESS TRANSPORTATION, d/b/a Mile High Express;
AMERICAN ALL STAR SHUTTLE & LIMO, LLC, d/b/a Denver City Express;
DAVID RUBY, d/b/a Road Runner Express;
MOHAMMAD JAVID AMINI, d/b/a Flying J. Shuttle;
SHAHLA SHAN, d/b/a EZ Transportation; and
AMERICAN SHUTTLE, INC.,

    Plaintiffs,
v.

GREGORY E. SOPKIN, official capacity as Commissioner of Public Utilities Commission
of the State of Colorado;
POLLY PAGE, official capacity as Commissioner of Public Utilities Commission
of the State of Colorado; and
CARL MILLER, official capacity as Commissioner of Public Utilities Commission
of the State of Colorado,

    Defendants.

**ORDER OF DISMISSAL**

On April 30, 2007, Defendants filed a Motion to Dismiss for Lack of Prosecution. On June 5, 2007, the Court gave the Plaintiffs until June 15, 2007, to respond. No Plaintiff has responded. On June 8, 2007, Plaintiff David Ruby d/b/a Roadrunner Express submitted a request to withdraw his suit without prejudice, stating that he has not had a shuttle service at Denver International Airport since November 2005. On June 14, 2007, Plaintiff Mohammad Jayad Amin submitted a handwritten note stating that he has "stopped any kind of law suit against Public Utilities Commission." The Court's June 5, 2007, order was returned to the courthouse as undeliverable as to All States Shuttle, LLC. The remaining Plaintiffs, T&G, Inc. d/b/a Denver Pro Express; Belaye T. Drese, d/b/a Front

Range Express, Inc.; Mile High Express Transportation, Inc. d/b/a Mile High Express; American All Star Shuttle & Limo, LLC d/b/a Denver City Express; Shahla Shan d/b/a EZ Transportation; and American Shuttle, Inc. have failed to respond. Defendants point out in their motion that they issued discovery to Plaintiffs on January 10, 2007, and no Plaintiff has responded whatsoever. None of these Plaintiffs appeared at the Court-ordered settlement conference on March 2, 2007. None of these Plaintiffs appears at the Court-ordered Status Conference on April 23, 2007. The record contains not the slightest indication that any of the remaining Plaintiffs is prepared to litigate this case.

This Court's Local Rules provide that:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.L.Civ.R. 41.1. Furthermore, Fed. R. Civ. P. 41(b) authorizes a defendant to move for dismissal of an action if the plaintiff fails to prosecute a case or comply with court orders. "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir.2003).

The Court is mindful that the Plaintiffs have been left without counsel. However, this case is extremely old, and Plaintiffs have done nothing to advance the lawsuit since the remand from the Tenth Circuit over a year ago. The corporate Defendants have not obtained counsel and, thus, cannot appear at proceedings in this Court. The Court believes that, under these circumstances, the factors contained in *Reed v. Bennett*, 312 F.3d 1190, 1196 (10th Cir. 2002) require dismissal here. First, Defendants have engaged in substantial efforts to move this case along, incurring attorney's fees in

the process. The discovery deadline has passed, and Defendants have been unable to obtain any discovery to assist them in defending this case. Second, Plaintiffs have repeatedly ignored Court orders and, as noted by Defendants, failed to cooperate with their own counsel while they were represented in this action. Third, the Plaintiffs have been given opportunities on multiple occasions to participate in this litigation and have either refused to engage or simply ignored the discovery requests, motions, and Court orders that have been sent to them. Fourth, the Court gave the Plaintiffs notice that they must respond to the Defendant's Motion to Dismiss for Failure to Prosecute by June 15, and no responses were forthcoming. Finally, the Court has spent the past year trying to get the Plaintiffs to participate in this case, to no avail. The Court sees no other option that will effectively aid in moving this case to a conclusion.

Thus, dismissal is appropriate here. The Court finds, however, that the dismissal should be without prejudice, in the event any of the Plaintiffs obtains the wherewithal to re-initiate the claims originally presented here.

WHEREFORE, it is hereby ORDERED that the Motion to Dismiss for Lack of Prosecution [Filed April 30, 2007; Docket #116] is **granted in part** and **denied in part**; that Plaintiff Mohammad Javid Amini's Motion to Dismiss [Filed June 14, 2007; Docket #130] is **granted**; and that Plaintiff David Ruby's Motion to Dismiss Party [Filed June 20, 2007; Docket #135] is **granted**. This action is dismissed **without prejudice**, each side to be responsible for their own fees and costs.

Dated at Denver, Colorado, this 25th day of June, 2007.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge